IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEOPOLD MPAWINAYO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:18-cv-00359 |
| | ) |
| GLENN R. FUNK, et al., | )   JUDGE CAMPBELL |
| | ) |
|     Defendants. | ) |

**ORDER**

Plaintiff Leopold MPawyinayo, an inmate formerly incarcerated at the Metro-Davidson County Detention Facility in Nashville, Tennessee,[1] has filed a pro se complaint under 42 U.S.C. § 1983. He also filed an initial application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), a motion to appoint counsel (Doc. No. 3), and a second application for leave to proceed IFP (Doc. No. 8) which, pursuant to the Court's direction (Doc. No. 7), cured the deficiency in his first application. The case is before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's second IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 7) is **GRANTED**.

---

[1]     Plaintiff recently notified the Court that he was released from custody on October 5, 2018. (*See* Doc. No. 9.)

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create

a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims of the Complaint

Plaintiff sues District Attorney General Glenn R. Funk and Criminal Court Judge Mark J. Fishburn based on the September 5, 2017 determination that he violated his probation when he was charged with two other offenses. Plaintiff appears to allege that he was incarcerated by Judge Fishburn for the balance of a pending six-year sentence of probation based on this violation. (Doc. No. 1 at 5, 7.) Plaintiff was acquitted of the underlying charges on March 16, 2018, but Judge Fishburn declined to release him from custody. Judge Fishburn is also alleged to have previously denied Plaintiff a speedy trial on charges filed in 2014–15 and to have imposed unjust conditions of release during that time, while Defendant Funk is alleged to have filed unjustified motions to revoke Plaintiff's bond or to charge him with probation violations. (Doc. No. 1 at 5.)

Plaintiff alleges that, since 2014, he has been prosecuted on various charges despite Defendants' knowledge that "they have the wrong person or wrong allegations[,] . . . based solely

3

on bias and prejudice by Judge as well as the Prosecutors." (*Id.* at 6.) He complains that he has been denied his speedy trial rights and been subjected to unjust conditions of release while the charges remain pending against him. (*Id.* at 6–7.) He asserts that Defendants violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* at 5.) Plaintiff requests the following relief: "equal justice, fair trial, or dismiss indictments"; an injunction ordering Defendants to stop harassing him and imposing harsh conditions and punishments upon him; dismissal of "fraudulent charges based on failing prosecution"; and joint and several damages in the amount of $200,000.00. (*Id.* at 8.)

### D. Analysis

Plaintiff sues a state judge and prosecutor in their official and individual capacities (Doc. No. 1 at 2), seeking both monetary and injunctive relief for the constitutional harms alleged. However, neither form of relief is available against these Defendants based on Plaintiff's allegations.

First, Plaintiff cannot pursue a claim for damages against these state actors in their official capacities. A suit for damages against a state employee in his official capacity is a suit against the employing state agency, which is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. 159; *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are

'persons' under § 1983." *Will*, 491 U.S. at 71.[2] Any official-capacity claims for damages against these Defendants are therefore barred by the Eleventh Amendment and outside the purview of Section 1983.

As for Plaintiff's individual capacity claims, both Defendants have absolute immunity from suit. It is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Plaintiff does not allege that either Defendant acted outside the scope of their official duties in proceeding against him. At best, he alleges that they performed their judicial and prosecutorial functions in a biased or wrongful way. However, the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554. Accordingly, Plaintiff's claims against Defendants in their individual capacities must be dismissed.

Finally, Plaintiff seeks to enjoin Defendants from harassing him by continuing to impose harsh conditions upon him and continuing to prosecute him on fraudulent charges (Doc. No. 1 at 8), and he asks the Court to dismiss any indictments against him. (*Id.*) However, a federal court

---

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. 71 n.10 (citation and internal quotation marks omitted).

should not interfere with pending state court criminal proceedings, but must abstain from enjoining such proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). All three factors are present in this case, as Plaintiff alleges: state criminal proceedings against him are still pending; such proceedings undoubtedly implicate important state interests; and the state courts would presumably hear his federal constitutional claims. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000)

Although an exception to this rule of abstention is made where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), this exception is narrow, and will not be triggered by mere allegations of bad faith or harassment. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Here, there is no allegation that Plaintiff will be greatly, immediately, and irreparably injured if ongoing state proceedings are not enjoined. Nor is this the extraordinary case where the record confirms Plaintiff's allegation that Defendants are proceeding against him for the purpose of harassment or in bad faith. Plaintiff therefore fails at this time to state an actionable claim for injunctive relief.

**III. Conclusion**

In light of the foregoing, Plaintiff's application for leave to proceed IFP (Doc. No. 8) is **GRANTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted. Plaintiff's prior IFP application (Doc. No. 2) and his motion to appoint counsel (Doc. No. 3) are **DENIED as moot**.

The entry of this Order shall constitute the final judgment in this action under Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE